UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-00051-DCR-EBA-1

(Related Civil Action No. 5:25-CV-00098-DCR-EBA)

UNITED STATES OF AMERICA,     PLAINTIFF,

V.     **REPORT AND RECOMMENDATION**

MARICO DAWOOD ISHKIRAT PERKINS,     DEFENDANT.

*** *** *** ***

## INTRODUCTION

This matter is before the Court on the 28 U.S.C. § 2255 motion of Marico Dawood Ishkirat Perkins, who seeks to vacate, set aside, or correct his conviction and sentence. [R. 103]. The United States filed a Response opposing the motion, [R. 109], and the time for Perkins to file a Reply in support of his motion has elapsed. [*See* R. 111]. After reviewing the record and for the reasons explained below, the undersigned will recommend Perkins' § 2255 motion be denied.

## FACTS AND PROCEDURAL HISTORY

In March of 2022, the Lexington Police Department executed a state issued search warrant at a residence in Lexington, Kentucky. [R. 1 at pg. 1]. Also listed in the search warrant was a Nissan and an individual, Defendant, Marico Dawood Ishkirat Perkins. [*Id*.]. Perkins was observed by the Lexington Police Department opening the door of the Nissan Maxima. [*Id*.]. As the marked Lexington Police Department tactical vehicle entered, Perkins and two other individuals fled on foot. [*Id*.]. After a brief foot chase, Perkins was detained, and the search warrant was executed. [*Id*.] As a result of evidence obtained from execution of the search warrant, in May, of 2022, a Grand Jury returned an indictment against Perkins. [R. 10]. The indictment charged Perkins with

four counts: 1) possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 2) possession with the intent to distribute 10 grams or more of a mixture or substance containing a detectable amount of flurofentanyl, 3) possession with the intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, and 4) possession with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine. [*Id*.]. In October of 2022, a jury trial commenced before Judge Danny C. Reeves. [R. 94]. On the second day of trial, following the close of the United States' case-in-chief, Perkins informed the Court that he wished to enter an open plea to all four counts. [R. 95 at pg. 2]. Rearraignment proceedings commenced, and Perkins pleaded guilty to all four counts in the indictment. [*Id*. at pg. 20].

In March of 2023, a sentencing hearing was held before Judge Reeves. [R. 86]. At the sentencing hearing, before adopting the guideline calculations, Judge Reeves discussed the issue of whether Perkins was entitled to a two-level downward reduction for acceptance of responsibility because he did not plead guilty until after the close of the United States' case-in-chief. [*Id*. at pg. 4]. After discussion, Judge Reeves decided to adopt the guideline calculations with the two-level reduction because he did not put the parties on notice under Rule 32(h) that he was considering removing the acceptance of responsibility credit. [*Id*. at pgs. 10-11]. The pre-sentence investigation report concluded that the base offense level in this case was 32. [R. 76 at pg. 7]. There was a five-level chapter four enhancement because the underlying offense was a controlled substance offense and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, making Perkins a career offender. [*Id*.]. The two-level reduction for acceptance of responsibility brought the total offense level to 35. [*Id*.].

Perkins made two objections at the sentencing hearing. First, Perkins objected to the 21 U.S.C. § 851 enhancement. [R. 86 at pg. 46]. As explained in his sentencing memorandum, Perkins

and the United States entered a joint stipulation where Perkins admitted his conviction for Robbery in the Second Degree, that he served a term of imprisonment for more than twelve months, and that he was released within 15 years of the commencement of the underlying offenses specified in Counts 1-3 of the indictment. [R. 30]. The Robbery in the Second-Degree conviction was used as a "serious violent felony" for a penalty enhancement on all four counts in the indictment under U.S.C. § 851. [R. 64 at pg. 5]. Perkins did not agree that the conviction qualified as a serious violent felony, because he was a juvenile, sixteen years old, at the time of the Robbery offense. [*Id*.]. Second, Perkins objected to the five-level career offender enhancement under USSG § 4B1.1. [R. 86 at pg. 46]. Perkins again argued that his Second-Degree Robbery Conviction was not a violent offense. [R. 64 at pg. 6].

Ultimately, Judge Reeves overruled both objections and Perkins was sentenced to concurrent 320-month prison terms and concurrent 10-year terms of supervised release on each count. [R. 86 at pg. 41]. Perkins timely appealed to the Sixth Circuit Court of Appeals on the basis that his sentence was substantively unreasonable and on other grounds, but the Sixth Circuit upheld his sentence. [*Id.*]. Perkins did not petition the Supreme Court for a writ of certiorari.

Perkins then filed this § 2255 motion on March 31, 2025. [R. 103]. In his motion, Perkins asserts that both his trial and appellate counsel were ineffective. [*Id*.]. Perkins alleges 1) that his trial and appellate counsel were ineffective for failing to argue that his sentence was substantively unreasonable, 2) that his trial counsel was ineffective for having a conflict with him that led to him accepting a plea deal that he otherwise would not have, 3) that his trial counsel was ineffective for failing to challenge the method by which he was identified; 4) that his trial counsel was ineffective for failing to object to the "miscalculation" of meth mixture; and 5) that his trial and appellate counsel were ineffective for failing to secure a mental evaluation for him. [*See id.* at pgs. 4–8]. The USA filed its Response opposing Perkins' § 2255 motion on the grounds that he has failed to

demonstrate that his counsel was ineffective. [R. 109]. The Court provided Perkins with an opportunity to file a Reply, [*see* R. 111], but the deadline to file said Reply has elapsed with no pleading being filed. Therefore, the matter is now ripe for review.

STANDARD OF REVIEW

To begin, the Court recognizes that Perkins is proceeding *pro se* in this matter and construes his motion more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003). A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence. A prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). In other words, "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). This standard means that exceptional circumstances must exist to justify granting relief when such a claim is

made and indicates that not every alleged error of law can be raised in a § 2255 motion. *Id.* As the Sixth Circuit has explained, "[t]o meet this demanding standard, a prisoner typically must 'prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)).

ANALYSIS

A

As previously mentioned, Perkins asserts five arguments that his trial and appellate counsel were ineffective. To successfully assert ineffective assistance, Perkins must show two essential elements for each claim: (1) deficient performance by counsel and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable").

First, regarding deficient performance, reviewing courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. To show that representation fell below an objective standard of reasonableness, Perkins must articulate specific acts or omissions that demonstrate how counsels' performance fell "outside the wide range of professionally competent assistance." *Id.* at 690. In other words, Perkins bears the burden of showing that his counsel "made errors so serious that [she was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. While reviewing Perkins' ineffective assistance of counsel claims, the Court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

Second, Perkins must establish prejudice by showing that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694–95. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) (citing *Strickland*, 466 U.S. at 696). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

1.

First, Perkins argues that his trial and appellate counsel were ineffective for failing to argue that his sentence was substantively unreasonable. [R. 103-1 at pg. 2-3]. Specifically, Perkins argues that the 21 U.S.C. § 851 enhancement was incorrectly applied. [*Id.*]. However, the issue of Perkins' sentence was previously brought before the Sixth Circuit when Perkins filed his appeal and the Sixth Circuit determined that his sentence was reasonable. [*See* R. 97]. As the Sixth Circuit explained:

> Perkins's sentence is procedurally and substantively reasonable. The district court properly concluded that Perkins's prior robbery conviction qualifies as a career-offender predicate offense, *see United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 1783 (2023), and the court otherwise properly calculated Perkins's guidelines range. The court also treated the guidelines range as being advisory, considered several relevant sentencing factors, refrained from considering impermissible factors or relying on clearly erroneous facts, and adequately explained that its sentence was warranted based on factors such as the serious nature of Perkins's offenses, his history and characteristics, and the need to

promote respect for the law, afford adequate deterrence, and protect the public. And, given that nothing in the record suggests that the district court placed too much or too little weight on any of the relevant sentencing factors, Perkins has not overcome the presumption that his within-guidelines sentence is substantively reasonable.

[*Id.* at pg. 3]. As the Sixth Circuit has previously explained, "[a]bsent exceptional circumstances, or an intervening change in the case law, [Perkins] may not use his § 2255 petition to relitigate this issue [that has been previously raised and addressed]." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir.1996); *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir.1996)); *see also United States v. Monghan*, No. 05-CR-90-DLB-CJS, 2012 WL 12985803, at *3 (E.D. Ky. Dec. 3, 2012), *report and recommendation adopted*, No. CR 05-90-DLB-CJS, 2013 WL 12227028 (E.D. Ky. Jan. 15, 2013); *United States v. Wilburn*, No. 611CR15GFVTHAI2, 2017 WL 9486627, at *2 (E.D. Ky. May 12, 2017), *report and recommendation adopted*, No. 611CR15GFVTHAI2, 2017 WL 2734720 (E.D. Ky. June 26, 2017); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Perkins has presented no exceptional circumstances to justify relitigating this issue now and based on the Sixth Circuit's analysis, counsel was not ineffective for failing to raise what would have been a meritless claim. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("counsel cannot be ineffective for failure to raise an issue that lacks merit."). Therefore, Perkins has presented no evidence to support his claim that his sentence is unreasonable.

2.

Second, Perkins alleges that both of his trial counsel, Noel Caldwell and Kathryn Walton, were ineffective due to a conflict between himself and them. [R. 103-1 at pg. 1]. While not explicitly clear, it appears Perkins believes a conflict caused both attorneys to file a motion to withdraw. [*Id.* at pgs. 1-2]. Perkins alleges that because of this conflict, his counsel refused to engage in plea negotiations and falsely informed him that he would receive a 180-month sentence.

[*Id.*]. Perkins, therefore, argues that but for this conflict of interest, he would have refused to plead guilty and would have gone to trial. [*Id.*].

Assuming, *arguendo*, that Perkins' counsel was ineffective, Perkins claim would still fail under *Strickland's* second prong. For Perkins to be successful in showing prejudice in this case where he accepted a plea agreement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Tomes v. United States*, No. 21-5325, 2021 U.S. App. LEXIS 34004, at *6 (6th Cir. Nov. 16, 2021) (quoting *Hill v. Lockhart*, 427 U.S. 52, 59 (1985)). "A defendant's bare assertion that he would have gone to trial had he received different advice is insufficient to warrant relief." *Id.* (citing *Maiyo v. United States*, 576 F. App'x. 567, 571(6th Cir. 2014)).

Here, Perkins presents no evidence to support this claim beyond his own conclusory statements that he would have either been able to obtain a better plea deal from the government or that he would have otherwise gone to trial but for his counsels' deficiencies. "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (internal citations omitted). Perkins has failed to present such facts here and does not explain how his counsel should have otherwise defended his case. Perkins argues that his attorneys did not file any motions to support his defense and failed to interview any witnesses. [*see* R. 103-1 at pg. 2]. However, Perkins does not explain what motions they should have filed, which witnesses they should have interviewed, or what general strategy his counsel should have employed in his defense. Further, Perkins has failed to demonstrate how his sentence and the outcome of his case would have changed. Therefore, because Perkins has failed to present evidence to support his claim or otherwise prove that his counsel was ineffective on these grounds, this

claim must also fail.

3.

As explained above, the Lexington Police Department investigated Perkins in March 2022. [R. 1]. The Lexington Police Department obtained a search warrant for Perkins' residence, vehicle, and his person. [*Id.*]. After execution of the search warrants, a criminal complaint was filed, and a Grand Jury returned an indictment against Perkins on the underlying charges. [R. 11]. Perkins argues that his trial counsel was ineffective because they "didn't challenge the unduly suggestive I.D." [R. 103-1 at pgs. 3]. Perkins alleges, "there was no physical lineup, audio or video surveillance of the event nor a photo array, a competent attorney would have objected to the unduly suggestive identification procedure." [*Id.* at pg. 3]. As the Sixth Circuit has explained, the burden is on Perkins to demonstrate that the pretrial identification procedure was unduly suggestive. *United States v. Beverly*, 369 F.3d 516, 538 (6th Cir. 2004). If this burden is met, the Court must then determine whether the unduly suggestive identification process contributed to an irreparable misidentification. *Id.* "However, bare suggestiveness is not a constitutional problem. What the Constitution forbids is *undue* suggestiveness." *United States v. Watson*, 540 F. App'x 512, 516 (6th Cir. 2013) (citing *Beverly*, 369 F.3d at 538) (emphasis in original).

Here, Perkins has not presented any evidence to support his argument that the process used to identify him was unduly suggestive. Perkins alleges that a "single picture was used to identify" him explaining that the police only showed his photograph to a confidential informant and told him that the man in the photograph was the culprit. [R. 103-1 at pg. 3]. However, the record does not support that assertion. An in-depth investigation occurred that led to his arrest and "[t]he case, accordingly, was based on an underlying investigation and warrant, not one picture." [R. 109 at pg. 6]. Further, Perkins would have been identified by officers wearing body worn cameras based on their in-person interactions with him at the time of the search warrants and his arrest. [*Id.*; *see*

*e.g.* R. 94 at pgs. 33-34 (Christopher Murner, officer with the Lexington Police Department, identifying Perkins during the trial)]. Thus, because Perkins has failed to meet his burden to demonstrate that the pretrial identification procedure was unduly suggestive, his claim must fail. *Beverly*, 369 F.3d at. 538.[1]

4.

Perkins then argues that his trial counsel was ineffective for failing to object "to the amount of methamphetamine attributable to Perkins," regarding count one of the indictment, possession with the intent to distribute 500 grams of more of a mixture or substance containing a detectable amount of methamphetamine. [*Id.* at pg. 3]. Specifically, Perkins takes issue with the fact that his counsel did not object to the method by which the weight of the relevant drugs was calculated, that his counsel did not challenge his offense level due to the drugs being "meth mixture" instead of pure methamphetamine, that the Court did not explain how it made its findings, and that if the correct calculation method had been used it would have only been enough to qualify him for offense level of 28 or 29. [*Id.*].

However, as the USA points out, the weight of the methamphetamine had no impact on the guideline calculation. [R. 109 at pg. 7]. First, even taking away the converted drug weight attributable to the methamphetamine, Perkins' guideline base offense level would have still been 32. [*Id.*]. The guideline for 21 U.S.C. § 841(a)(1) offenses is found in the United States Sentencing Guidelines § 2D1.1. [R. 76 at pg. 6]. Pursuant to U.S.S.G. § 2D1.1(c)(4), the base offense level for Perkins was 32, because the underlying offenses involved a total of 4,266.8 KG of converted drug weight. [*Id.*]. There was 1,198.4 KG of converted drug weight attributable to the

---

[1] Within his faulty identification argument, Perkins vaguely makes allegations that one of the officers on the case was removed for misconduct, and that his attorney was ineffective for failing to impeach that officer during trial. [R. 103-1 at pg. 4]. However, Perkins fails to identify which officer he is referring to or what misconduct occurred. Further, Perkins fails to provide any proof beyond his mere statements. Therefore, he fails to meet his burden and this argument must fail.

methamphetamine. [R. 76 at pg. 6]. Even omitting the converted drug weight attributable to the methamphetamine, Perkins was still in possession of 3,068 KG of converted drug weight. [*Id*.]. Under the sentencing guidelines, a converted drug weight of 3,068 KG would still be a base level of 32. U.S.S.G. § 2D1.1(c)(4) (An offense involving at least 3,000 KG but less than 10,000 KG of converted drug weight is a base level of 32.). Further, it was Perkins' status as a career offender that led to his total offense level of 35, not the weight calculation. [*Id.* at pgs. 7–8; *see also* R. 76 at pg. 7 (explaining that Perkins' status as a career offender made his offense level 37, before the two-level reduction for acceptance of responsibility made his total offense level 35, which is higher than the drug-weight offense level of 32.)]. Combined with the fact that the methamphetamine was calculated as a mixture, [*see* R. 76 at pg. 5], and thus purity was not an issue for the calculation, Perkins has been unable to prove that counsel was ineffective for not arguing this issue.

5.

Next, Perkins argues that his trial and appellate counsel were ineffective for failing to secure a mental evaluation for him. [R. 103-1 at pg. 4]. Perkins explains that he suffers from mental health issues and argues that his counsel was ineffective for "no objection and failure to address in the appeals court the fact that Defendant was denied a mental evaluation after judge's acknowledgment at sentencing that defendant needed mental treatment." [*Id.*].

First, regarding his trial counsel, Perkins' arguments about not having a mental health evaluation revolve around his sentencing hearing. Perkins argues that his trial counsel was ineffective for allowing "the government to comment several times about the defendant's mental issues but failed to insist [on] a mental evaluation or downward variance." [R. 103-1 at pg. 4].

However, the record demonstrates that his counsel brought up Perkins' mental health issues in his sentencing memorandum arguing for a variance from the advisory guidelines, [R. 64 at pg. 10], and at the sentencing hearing so the Court could consider this factor when it sentenced him.

[R. 86 at pg. 20]. Further, the pre-sentencing investigation report also made the Court aware of mental health concerns that Perkins had, [R. 75 at pg. 2], and still after the plea colloquy with Judge Reeves the Court found Perkins "fully competent and capable of entering an informed plea." [R. 95 at pg. 20]; Therefore, Perkins has failed to show that his attorney was ineffective.

Moreover, as the USA points out, Perkins does not specify what he believes the contents of a mental competency evaluation before sentencing would have revealed that the Court was not already aware of. [R. 109 at pg. 8]. Because Perkins has not presented any evidence on how he was prejudiced by his attorney not securing a mental health evaluation, his argument fails. *See Stiltner v. Hart*, No. 5:13-20, 2019 WL 5386477, at * (E.D. Ky. Oct. 21, 2019) (Holding that a defendant was unsuccessful in his ineffective assistance claim for failing to secure a mental health evaluation when the defendant had not presented any evidence that he was prejudiced by the deficiency.).

Second, Perkins argues that his appellate counsel was ineffective for not bringing up the issue. Perkins argues that "not enough weight was considered to these factors in the Judges 3553(a) analysis, and the attorney should have objected and it should have been appealed." [R. 103-1 at pg. 4]. While Perkins takes issue with the fact that the Court did not grant him a downward variance based on his mental health issues, the reasonableness of Perkins' sentence has been upheld by the Sixth Circuit. [S*ee* R. 97]. As discussed previously, Perkins cannot use his § 2255 Motion to relitigate the issue of the reasonableness of his sentence because the Sixth Circuit Court of Appeals has already addressed it. *See Wright*, 182 F.3d at 467 (citing *Oliver*, 90 F.3d at 180). Further, the record indicates that Judge Reeves did consider the sentencing memorandum and arguments at the sentencing hearing that mentioned Perkins' mental health concerns, and he even recommended mental health treatment. [*See* R. 86]. In conclusion, Perkins has failed to demonstrate that his appellate counsel was ineffective and thus his argument must fail.

B

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a Certificate of Appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Perkins has not made a "substantial showing" as to any claimed denial of his constitutional rights or that his counsel was otherwise ineffective. The Court also believes that reasonable jurists would not find its determination on these issues debatable. Therefore, the undersigned will recommend that the District Court deny a Certificate of Appealability.

CONCLUSION

Perkins motion the Court for a writ of habeas corpus under § 2255. [R. 103]. However, Perkins has failed to demonstrate that his counsel was ineffective for failing to argue that his sentence was substantively unreasonable, that the identification process used to identify him was unduly suggestive, that the drug weight calculation was incorrect, or that he required a mental evaluation. Therefore, this Court will recommend the District Court deny Perkins' (1) § 2255 motion and (2) Certificate of Appealability, if he requests one.

RECOMMENDATION

Upon review of the record, and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, IT IS **RECOMMENDED** that:

1. Perkins' Section 2255 motion [R. 103] be **DISMISSED WITH PREJUDICE**; and

2. A Certificate of Appealability be **DENIED** as to all issues raised, should Perkins so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed October 1, 2025.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge