UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5: 22-051-DCR |
| | ) | and |
| Plaintiff/Respondent, | ) | Civil Action No. 5: 25-098-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARICO DAWOOD ISHKIRAT | ) | **MEMORANDUM OPINION** |
| PERKINS, | ) | **AND ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant/Movant Marico Perkins was indicted for possessing with intent to distribute 500 grams or more of a mixture containing methamphetamine (Count 1), possessing with intent to distribute 10 grams or more of a mixture containing a detectable amount of flurofentanyl (Count 2), possessing with intent to distribute 28 grams or more of a mixture containing a detectable amount of cocaine base (Count 3), and possessing with intent to distribute a quantity of a mixture containing a detectable amount of cocaine (Count 4) all in violation of 21 U.S.C. § 841(a)(1). [Record No. 10] On the second day of his jury trial and following the government's presentation of proof, Perkins, through counsel, orally moved to enter a guilty plea. After the plea colloquy with the undersigned, Perkins entered a plea (without a plea agreement) on all four counts in open court. [Record No. 95 at 2]

Perkins was later sentenced to a within-guidelines term of 320 months of incarceration, to be followed by 10 years of supervised release on each count to run concurrently. [Record No. 86 at 41] Perkins appealed to the United States Court of Appeals for the Sixth Circuit, arguing that his sentence was substantively unreasonable (among other things), but the Sixth

- 1 -

Circuit upheld his sentence. [Record No. 97] He then filed this *pro se* motion challenging his sentence pursuant to 28 U.S.C. § 2255. [Record No. 103] The United States responded, objecting to Perkins' requested relief. [Record No. 109] Perkins did not file a reply.

Consistent with local practice, Perkins' § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Edward B. Atkins recommended that Perkins' motion for habeas relief be denied and that no Certificate of Appealability be issued. [Record No. 113] Neither party filed timely objections to the R&R.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the undersigned has examined the record *de novo* and agrees with the Magistrate Judge's recommended disposition.

Perkins' petition asserts that his trial and appellate counsel were ineffective. [Record No. 103-1]. More specifically, he claims that his trial counsel was ineffective for: (1) having a conflict with him that led to him pleading when he otherwise would not have done so; (2) failing to challenge the method by which he was identified; and (3) failing to object to the "miscalculation" of meth mixture. *Id.* Perkins further claims that his trial and appellate counsel were ineffective for failing to secure a mental evaluation and for failing to argue that his sentence was substantively unreasonable. *Id.* To succeed on these claims, *Strickland* requires that Perkins show deficient performance by counsel *and* that such "performance

- 2 -

prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Perkins must demonstrate that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Regarding prejudice, he must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

As Magistrate Judge Atkins correctly noted, several of Perkins' claims are either contradicted by the record or unavailable under the law. [Record No. 113] For example, Perkins asserts that his trial counsel told him that he would receive a 180-month sentence if he pled guilty. [Record No. 103-1 at 2] But this does not overcome the presumption of verity concerning his plea in open court in which he affirmed that no promises had been made to him in exchange for his plea. *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1990) (noting "[a]bsent extraordinary circumstances," when a district court "has scrupulously followed the required procedure" during a plea colloquy, "the defendant is bound by his statements in response to that court's inquiry").

During the plea colloquy, Perkins affirmed that no one had promised him anything. [Record No. 95 at 7] Other than conclusory allegations that he would not have pled guilty without counsel's alleged statement that he would be sentenced to 180 months, he presents nothing that disturbs the presumption of verity concerning his plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel).

- 3 -

Perkins seems to suggest that the conflict between himself and his trial attorneys caused those attorneys to have a conflict of interest in representing him. [Record No. 103-1 at 1–2] More specifically, he claims that his attorneys should have secured a plea deal from the government and should have interviewed undisclosed witnesses. *Id.* at 2. But as the Magistrate Judge noted, these contentions still fail under *Strickland*'s second prong. [Record No 113 at 8] Indeed, Perkins does not show prejudice because he does not demonstrate that but for counsels' purported errors, the result would have been different. He does not provide affidavits of purported available witnesses (or expected testimony), and he does not produce any evidence suggesting that the government was open to negotiating a plea deal in his case. [*See* Record No. 103-1.]

Perkins also challenges procedures police officers allegedly used in identifying him, asserting they were unduly suggestive. *Id.* at 3–4. The Magistrate Judge referenced the record which demonstrates that Perkin's arrest was not the result of a single photo identification as he suggests, but rather the result of an underlying investigation and warrant. [Record No. 113 at 9] Thus, he fails to demonstrate his identification was unduly suggestive.

As the United States argues in its response, Perkins cannot show deficient performance or prejudice for his claim that counsel was deficient for failing to object to the amount of methamphetamine attributed to him. [Record No. 109 at 7] This is true because the weight of the methamphetamine had no impact on his guideline calculation. *Id.* Further, as Magistrate Judge Atkins pointed out, "it was Perkins' status as a career offender that led to his total offense level of 35, not the weight calculation." [Record No. 113 at 11] And to the extent that he claims that trial counsel failed to argue youthful offender status, the undersigned notes that

- 4 -

Perkins' age was addressed by counsel in arguing for a variance and the Court likewise considered Perkins' age when imposing his sentence. [Record No. 86 at 29–31]

Perkins next argues that both his trial and appellate counsel were deficient for failing to secure a mental evaluation for him. [Record No. 103-1 at 4] As an initial matter, he does not appear to claim that he was incompetent to stand trial or otherwise. And it is unclear what exactly this mental evaluation would demonstrate. As the R&R summarizes, the record reflects that Perkins' mental health challenges were thoroughly documented and considered. [Record No. 113 at 11–12] The record also establishes that his trial counsel requested a variance related to his mental health challenges which the undersigned considered. *Id.* at 11. And despite Perkins' allegations to the contrary, trial counsel did object to his 21 U.S.C. § 851 enhancement. *Id.* at 2 (citing Record No. 86 at 46).

Perkins claims against appellate counsel also fail. He claims that his appellate counsel should have challenged the reasonableness of his sentence concerning his mental health issues under the § 3553(a) factors and should have challenged the § 851 enhancement. [Record No. 103-1 at 2–3] But in so doing, Perkins impermissibly attempts to use his 2255 petition to relitigate issues already decided by the Sixth Circuit. That he may not do. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (noting that absent extraordinary circumstances or intervening changes to the law, 2255 petitions may not be used to relitigate issues raised and decided on appeal). In short, all of Perkins' ineffective assistance of counsel claims fail because they are either unavailable under the law or contradicted by the record.

A Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of

- 5 -

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Perkins has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Perkins raises debatable.

Based on the foregoing, it is hereby **ORDERED** as follows:

1.    The United States Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 113] is **ADOPTED** and **INCORPORATED** in full.

2.    Defendant/Movant Perkins' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 103] is **DENIED**.

3.    Defendant/Movant Perkins' claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4.    A Certificate of Appealability will not issue.

Dated:  October 22, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky